IN THE MATTER OF THE ESTATE OF HARRY BROWNE FINCH

No. 8922SC168

(Filed 6 March 1990)

**Wills § 61 (NCI3d)— value placed on life estate in trust—dissent from will as matter of law not allowed**

A surviving spouse is not entitled to dissent from the will of her deceased spouse, as a matter of law, on the ground that a trust in which the surviving spouse is given a life estate only without a general power of appointment cannot be valued for the purposes of N.C.G.S. § 30-2, since the life interest can be valued.

**Am Jur 2d, Wills §§ 1651, 1652, 1653, 1654, 1655.**

Judge PHILLIPS dissenting.

APPEAL by Executor and Trustee from Judgment of *Judge Ralph A. Walker* entered 21 December 1988 in DAVIDSON County Superior Court. Heard in the Court of Appeals 12 July 1989.

*Wyatt, Early, Harris, Wheeler & Hauser, by A. Doyle Early, Jr., for appellant Wachovia Bank and Trust Company, N.A., Executor and Trustee of the Estate of Harry Browne Finch.*

*Brinkley, Walser, McGirt, Miller, Smith & Coles, by Walter F. Brinkley, for dissenter appellee.*

COZORT, Judge.

The sole question before us is whether a surviving spouse is entitled to dissent from the will of her deceased spouse, as a matter of law, on the ground that a trust in which the surviving spouse is given a life estate only without a general power of appointment cannot be valued for the purposes of N.C. Gen. Stat. § 30-1. We hold that the life interest can be valued, and we therefore

reverse the trial court's order of summary judgment, which had upheld the surviving spouse's right to dissent.

Harry Browne Finch died testate on 19 January 1988. He was survived by his wife, Helen Crowder Finch, and three children. His will, dated 16 July 1986, named Wachovia Bank and Trust Company, N.A., as Executor of the estate and was admitted to probate on 21 January 1988. In his will, decedent made several specific bequests to individuals, left 15% of his net estate to designated charities, and provided for the residue of the estate to "pour over" into an inter vivos trust dated 28 November 1978. Under the terms of the inter vivos trust, as amended, Trustee Wachovia Bank was to establish two separate trusts, a Marital Deduction Trust A and a Residuary Trust B for his children. Trust A provided, in part, as follows:

### MARITAL DEDUCTION TRUST — TRUST A

If the Grantor is survived by his spouse and they are legally married at the date of his death, the Trustee shall set aside for the benefit of said spouse from the trust assets a sum sufficient when held under the terms and conditions as set out herein in relation to the share, to satisfy the requirements of the North Carolina General Statutes and case law so as to prevent the Grantor's spouse from being able to dissent from his will. Any assets passing to the said spouse by right of survivorship, contract, or otherwise in such a manner as to reduce the amount to which she would be entitled under this paragraph shall be taken into consideration by the Trustee in determining the amount. If the initial amount estimated by the Trustee and so set aside is determined to be insufficient or excessive, the Trustee shall make such adjustments as may be necessary relating back to the date of the Grantor's death in order to satisfy the requirement of the North Carolina law as stated herein.

The net income from Trust A was to be paid to Mrs. Finch for life, and upon her death, the remainder was to be disposed of as provided in Trust B, the children's trust. Trust A also provided that the Trustee could invade so much of the principal of Trust A as the Trustee, "in its sole discretion, shall from time to time deem requisite or desirable to meet the reasonable needs of my wife—even to the full extent of the entire principal of this trust."

## IN RE ESTATE OF FINCH

[97 N.C. App. 489 (1990)]

On 30 March 1988, Mrs. Finch filed a dissent from the will and thereafter filed a motion for summary judgment. The Clerk of Superior Court of Davidson County found that she was entitled to dissent. The Trustee appealed, and the Superior Court of Davidson County granted Mrs. Finch's motion for summary judgment and decreed that she was entitled to dissent from the will and receive her intestate share of her husband's estate. The Trustee appeals. We reverse.

Under N.C. Gen. Stat. § 30-1, Mrs. Finch may dissent from her husband's will only if the aggregate value of property passing to her under the will and outside the will as a result of her husband's death is less than her intestate share as provided by Chapter 29 of the General Statutes. In her affidavit filed with her motion for summary judgment, Mrs. Finch stated that she received $24,974.97 as beneficiary of an insurance policy on her husband's life and $14,607.85 under her husband's will (excluding the marital trust), and that the gross value of her husband's estate was approximately $2,821,878.46. The Trustee's affidavit stated that Mrs. Finch received, in addition to the life estate in the marital trust, $10,500.00 in personal property under the will and a year's allowance of $45,000.00 by agreement. The Trustee estimated the net estate to be $2,088,504.00. The record, however, discloses no stipulation by the parties or finding by the clerk or trial court as to these values. See N.C. Gen. Stat. § 30-1(c). Rather, Mrs. Finch contends and the trial court specifically ruled that Trust A is insufficient as a matter of law to defeat her right of dissent because "[a] trust which provides only for the pay[m]ent of income to the surviving spouse with the right to invade the corpus limited to the discretion of the trustee and granting no power of appointment to the surviving spouse cannot be compared with or equated to the value of the unrestricted ownership of a one-third share of the estate of the deceased . . . ." We disagree.

Although Mrs. Finch might prefer to receive an outright bequest rather than a life income interest in a trust, her right to elect the former is not an absolute right. N.C. Gen. Stat. § 30-1(b) provides "by way of illustration and not of limitation" that the value of certain interests, including the following, be considered in determining the right of dissent:

(1) The value of a legal or equitable life estate for the life of the surviving spouse;

(2) The value of the proceeds of an annuity for the life of
the surviving spouse.

Therefore, a testator can prevent his will from being upset by
giving his surviving spouse the minimum provision required by
the statute, which may be satisfied in whole or in part by a life
estate or life income interest. Under the terms of Trust A, the
Trustee is required to fund the trust with assets which would
give Mrs. Finch a life income the value of which (when added
to the value of other assets passing to Mrs. Finch under and outside
the will) will be equal to her intestate share. There is no allegation
or evidence that the assets of the estate are insufficient to meet
this requirement. Whether the Trustee will in fact appropriately
fund the trust is not a question before us.

We hold that the marital trust established for Mrs. Finch
is not insufficient, as a matter of law, to defeat her right of dissent.
We therefore reverse the order of summary judgment and remand.

This Court has received notice that a caveat to the will has
been filed, thereby causing a stay in the proceedings below. Although
a successful caveat would render the issue raised herein moot,
we have elected to consider the merits of this appeal.

Reversed.

Judge LEWIS concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

In my opinion Judge Walker correctly found and based his
judgment upon the following:

A trust which provides only for the payment of income to
the surviving spouse with the right to invade the corpus limited
to the discretion of the trustee and granting no power of ap-
pointment to the surviving spouse cannot be compared with
or equated to the value of the unrestricted ownership of a
one-third share of the estate of the deceased, considering the
intent and purpose of G.S. 30-1.

The intent and purpose of G.S. 30-1, as I read it, is to give the
surviving spouse the option of taking an intestate share unless

a substantially equal share is devised by the will. The statute does not permit a testator to restrict his spouse to what he wants her to have and subject to the control of a trustee. Mrs. Finch prefers to control her own money and in my view the statute gives her the right to do so.